ORIGINAL 

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| FERDINAND MONGO<br>Plaintiff, | § § § | |
| v. | § § | CAUSE NO. 3-02CV2593-R |
| THE HOME DEPOT, INC.<br>Defendant. | § § | |

## DEFENDANT'S ORIGINAL ANSWER TO
## PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Home Depot U.S.A., Inc., incorrectly identified and sued herein as "The Home Depot, Inc.," ("Defendant") answers Plaintiff's Original Complaint ("Complaint") as follows:

### I.

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed in whole or in part under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted.

### II.

### SECOND DEFENSE

Plaintiff has not satisfied the statutory preconditions and procedural requirements for instituting a civil action pursuant to the relevant statutes.

### III.

### THIRD DEFENSE

On information and/or belief, Plaintiff has failed to take reasonable and necessary steps to mitigate his alleged damages, if any.

1

## IV.

## FOURTH DEFENSE

Plaintiff's claim(s) and/or the claim(s) which form the basis of this lawsuit is barred in whole or in part by the applicable statute(s) of limitations.

## V.

## FIFTH DEFENSE

Plaintiff is an at-will employee of Defendant.

## VI.

## SIXTH DEFENSE

Any employment action taken with respect to Plaintiff was taken for a legitimate non-discriminatory reason(s).

## VII.

## SEVENTH DEFENSE

Plaintiff's lawsuit is frivolous, without foundation, vexatious, and/or brought in bad faith.

## VIII.

## EIGHTH DEFENSE

Any alleged damages suffered by Plaintiff were caused and/or were solely caused by his own conduct and/or by third parties.

## IX.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent that they exceed the scope of his EEOC Charges and/or the reasonable investigation which could have been expected to grow out of such charges.

2

## XII.

## TWELFTH DEFENSE

The actions complained of by Plaintiff in this case are not actionable adverse employment actions.

## XIII.

## THIRTEENTH DEFENSE

Pending discovery, Defendant states that Plaintiff's claims and/or damages are barred by the after-acquired evidence doctrine.

## XV.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to, nor does the law allow, the damages pleaded by Plaintiff. Additionally and/or alternatively, damages are statutorily capped in this case.

## XVI.

## FIFTEENTH DEFENSE

Plaintiff did not engage in the protected activity necessary to maintain a retaliation claim.

---

Without waiving the above defenses, Defendant responds to the allegations contained within Plaintiff's Complaint on a paragraph-by-paragraph basis as follows:

1. Defendant denies the allegations as set forth in the second sentence of Paragraph 1 of the Complaint.

2. Defendant denies the allegations as set forth in Paragraph 2 of the Complaint.

3. Defendant denies the allegations as set forth in the last three sentences Paragraph 3 of the Complaint.

4. Defendant acknowledges that Plaintiff is claiming that this is an action for injunctive relief but denies that Plaintiff is entitled to such relief or any other relief in this case. Defendant also denies that it has unlawfully implemented a policy directed towards African American employees as set forth in Paragraph 4 of the Complaint.

5. Defendant acknowledges that Plaintiff is asserting claims in this case under Title VII of the Civil Rights Act of 1964 as amended, but denies that Plaintiff has asserted a claim under either 42 U.S.C. § 1981 or Texas common law as alleged in the first sentence of Paragraph 5 of the Complaint. Defendant admits that this Court has jurisdiction over Plaintiff's Title VII claim pursuant to 28 U.S.C. § 1331 and that venue is proper in this court as set forth in the second and third sentences of Paragraph 5 of the Complaint. Defendant denies the allegation in the last sentence of Paragraph 5 of the Complaint and specifically refers to Plaintiff's First and Second Causes of Action as stated later in the Complaint.

6. Defendant denies the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant is without sufficient knowledge to admit or deny the allegations set forth

in Paragraph 10 of the Complaint.

11. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 11 of the Complaint regarding Plaintiff's citizenship and specifically notes that Plaintiff's I-9 form states that he is "a lawful permanent resident."

12. Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits the allegations set forth in the first sentence of Paragraph 15 of the Complaint. Defendant denies the remaining allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant is unable and is without sufficient information to admit or deny the allegations set forth in Paragraph 17 of the Complaint and therefore denies same.

18. Defendant is unable and without sufficient information to admit or deny the allegations set forth in the first sentence of Paragraph 18 of the Complaint. Defendant denies the allegations set forth in the second sentence of Paragraph 18 of the Complaint. With respect to the third sentence of paragraph 18, Defendant admits only that Plaintiff met with Mr. Iavarone an Mr. Mongolas. Defendant denies that allegations contained in the fourth sentence of Paragraph 18. With respect to the fifth sentence of paragraph 18, Defendant admits only that signage was a part of the audit, but denies that Plaintiff had no knowledge that signage was a responsibility of the IMAs. With respect to the sixth sentence of paragraph 18, Defendant admits that prior to the meeting in question, Mr. Iavarone had not made Plaintiff aware that signage was "his responsibility" as Mr. Iavornoe was only recently hired at the store and had not met with Plaintiff regarding that specific

issue. Defendant denies that Brent Johnson was the "In-store Pro Desk Assistant Manager" at that time and thus denies the allegations regarding Mr. Johnson. Defendant denies that allegations contained in the seventh sentence of Paragraph 18. Defendant cannot admit or deny the specific quotes attributed to Mr. Iavarone as contained in the eighth and ninth sentences of paragraph 18 of the Complaint. Defendant denies the allegation contained in the tenth sentence fo Paragraph 18 of the Complaint. Defendant is without sufficient information to admit or deny the allegations set forth in the last sentence of Paragraph 18 of the Complaint.

19a. Defendant denies that it "subjected [Plaintiff] to discrimination on a daily basis for an extended period of time " and therefore denies the allegations set forth in Paragraph 19 (including sub-paragraphs a-d) of the Complaint

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant affirms and restates its responses to each and every assertion in Plaintiff's Complaint as if fully set forth herein.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant affirms and restates its responses to each and every assertion in Plaintiff's Complaint as if fully set forth herein.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

Defendant denies that Plaintiff is entitled to any relief in this case, including specifically the relief sought in the "Wherefore" paragraphs of Plaintiff's Complaint.

All allegations in the Complaint which have not been specifically admitted herein are hereby denied.

WHEREFORE, Home Depot U.S.A., Inc., prays that Plaintiff take nothing against it, that judgment be entered in favor of Defendant, and that Defendant be awarded such other and further relief to which it may be entitled including its costs and attorneys' fees.

Dated this 30th day of December, 2002.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

_____
Michael D. Mitchell
Texas Bar #00784615
500 Dallas Street, Suite 3000
Houston, Texas 77002
713/655-0855
713/655-0020 (Fax)

Denise Cotter Villani
Texas Bar # 20581828
700 Preston Commons
8117 Preston Road
Dallas, TX 75225
214/987-3504
214/987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT HOME DEPOT U.S.A., INC.**

## CERTIFICATE OF SERVICE

I, Denise Cotter Villani, attorney for the Defendant, hereby certify that on this the 30th day of December, 2002, a true and correct copy of the foregoing instrument was served on Richard L. Howard, 2501 Oak Lawn Ave., Suite 360, Dallas, Texas 75219 via certified mail, return receipt requested.

_____
Denise Cotter Villani