UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 2 2003

CLERK, U.S. DISTRICT COURT
By _____

| | | |
|---|---|---|
| FERDINAND MONGO<br>    Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 3-02CV2593-R |
| | § | |
| THE HOME DEPOT U.S.A., INC.<br>    Defendant. | § | |

### FERDINAND MONGO'S MEMORANDUM IN SUPPORT
### OF MOTION TO REOPEN TIME FOR APPEAL

Plaintiff, Ferdinand Mongo asks the court to reopen the time for appeal, as authorized by Federal Rule of Appellate Procedure 4(a)(6).

### A.  INTRODUCTION

1.      Plaintiff is Ferdinand Mongo; defendant is The Home Depot U.S.A., Inc.

2.      Plaintiff sued defendant for damages and relief under Title VII of the Civil Rights Act, 42 U.S.C.A. § 1981, for Race Discrimination, Natural Origin discrimination and Retaliation.  Plaintiff files this suit in order to correct unlawful employment practices on the basis of the Plaintiff's race, natural origin and retaliation, and to make Plaintiff whole. Defendant unlawfully treated Plaintiff, a member of a protected group, who was qualified for his position.  Because of Plaintiff's race, natural origin and retaliatory tactics, the defendant failed to provide him with reasonable accommodation and a non-hostile work environment; and engaged and conspired amongst themselves in a consorted effort to systematically discriminate against the Plaintiff.  Plaintiff was constantly subjected to facially  neutral  employment  practices  that  created  such  statistical  disparities disadvantaging African-American members, including the plaintiff, which shows such treatment is functionally equivalent to intentional discrimination.

3.    This Court rendered judgment in favor of The Home Depot U.S.A., Inc., and the clerk entered judgment on September 26, 2003. However, on October 6, 2003, Plaintiff filed a Motion To Alter or Amend the Judgment, which was denied October 29, 2003. A copy of the judgments are attached as Exhibits A and B.

4.    Plaintiff, who was entitled to receive notice of the entry of judgment, did not receive notice of said judgment until December 5, 2003, more than 21 days after entry of judgment.

### B. ARGUMENT

5.    Plaintiff's counsel first received notice of entry of judgment on December 5, 2003, via first class mail. That date was more than 21 days after the judgment was entered. The affidavit of Plaintiff's counsel, attached as Exhibit C, supports this claim. Evidently said notice was lost in the mail. Throughout this case, Plaintiff was represented by Richard L. Howard. Attorney Howard first received notice of entry of judgment on December 5, 2003, by normal office procedures of receiving and reviewing mail daily. That date was more than 21 days after the judgment was entered.

6.    Plaintiff files this motion within seven days of receipt of notice of judgment/180 days from the date of the entry of judgment. Fed. R. App. P. 4(a)(6)(A).

7.    Granting the motion to reopen time for appeal will not prejudice Defendant. Fed. R. App. P. 4(a)(6)(C).

8.    Plaintiff asks the court to find that he did not receive actual notice of the Court's judgment until December 5, 2003.

### C. CONCLUSION

9.    For these reasons, Plaintiff asks the court to find that Plaintiff received

actual notice of judgment on December 5, 2003, and to reopen the time for appeal.

RICHARD L. HOWARD
Arkansas Bar No. 96-151
2501 Oak Lawn Ave., Suite 360
Dallas, Texas 75219
Telephone: (214) 528-8288
Facsimile: (214) 528-3090
**ATTORNEY FOR PLAINTIFF**
**FERDINAND MONGO**

## CERTIFICATE OF SERVICE

I, Richard L. Howard, attorney for the Plaintiff, hereby certify that on this the 12th day of December, 2003, a true and correct copy of the foregoing instrument was served on, Michael D. Mitchell, 500 Dallas Street, Suite 3000, Houston, Texas 77002 via First Class Mail.

RICHARD L. HOWARD